W. A. CHAVIS v. A. M. BROWN ET AL., EXECUTORS.

(Filed 26 September, 1917.)

**1. Appeal and Error—Supreme Court—Compromise Judgment.**

A judgment final, by the consent of the attorneys of record with the sanction of their clients, may be entered in the Supreme Court on the appeal of the case.

**2. Same—Jurisdiction—Superior Court—Trial by Jury.**

Where a compromise judgment has been entered in the Supreme Court by the consent of the attorneys of record, and certified down, the Superior Court is without jurisdiction to change or modify this judgment, upon the ground that the necessary consent of the client had not in fact been obtained, the remedy being by motion in the cause in the Supreme Court, supported by affidavits; and a trial by jury is not allowed as a matter of right, but when allowed is to be only regarded in an advisory character in ascertaining the facts at issue.

**3. Judgments—Compromise—Impeachment—Burden of Proof.**

A compromise judgment is presumed to have been rightfully entered until the contrary is made to appear, with the burden upon the one assailing its validity.

**4. Appeal and Error—Supreme Court — Compromise Judgment — Presumptions—Rebuttal—Evidence.**

Where it appears that the attorneys of record, reputable and upright practitioners, have agreed to a compromise judgment, entered in the Supreme Court on appeal, and this judgment is sought to be impeached for the lack of their authority to have so acted, an affidavit to this effect made by the client, the plaintiff in the action, and an affidavit of another witness as to a conversation between the party and one of his attorneys tending to corroborate it, is not held sufficient to overcome the presumption of the validity of the judgment, taken in connection with the affidavits of the attorneys that they had been so authorized, and stating that, upon a new trial if granted upon the errors assigned, they could not get another verdict.

MOTION to set aside judgment made in the Superior Court, Hertford County, and heard before his Honor, *O. H. Allen, Judge,* at February Term, 1917.

On the hearing it appeared that theretofore, to wit, at Fall Term, 1915, plaintiff had recovered judgment against defendants in the sum of $3,029.94; that defendants appealed to Supreme Court. After argument in this Court, and pending the term, counsel for plaintiff and defendant compromised the matter involved for $2,000, and judgment was thereupon entered here in form as follows:

"In the cause of W. A. Chavis v. C. G. Parker and A. M. Brown, executors of C. W. Parker. All matters in controversy have been and are hereby compromised and settled on terms that the defendants are to

pay plaintiff Chavis $2,000 and also to pay all costs of the case, both in the Superior and Supreme Courts.

"To this settlement both parties agree, and same is to be in full compromise and payment of the judgment heretofore entered therein.

"WINBORNE & WINBORNE,
"Attorneys for Defendant.

"JOHN E. VANN,
"Attorney for Plaintiff."

"Upon the foregoing, it is adjudged that the defendants C. G. Parker and A. M. Brown and surety L. J. Lawrence do pay the costs of this Court, to wit, the sum of $14.05."

This judgment having been certified down, plaintiff moved to disallow compromise because entered without any authority from him, and on affidavits in support and denial of the position, tendered an issue for determination of the question by a jury.

His Honor, being of opinion that the court was without jurisdiction to consider and pass upon plaintiff's motion, so entered his judgment, and plaintiff excepted and appealed.

On the hearing of this appeal, parties desired that if the court below was without jurisdiction on the question presented, that the same should be considered and determined as on motion in this Court to set the judgment aside, both sides consenting to such course.

*R. C. Bridger, Manning & Kitchin, and W. R. Johnson for plaintiff. Winborne & Winborne for defendants.*

HOKE, J. It is settled with us, both by statute and approved precedent, that this Court on appeal may enter final judgment if it sees proper to do so on perusal of the record. *Griffin v. R. R.,* 150 N. C., 312; *Industrial Siding Cases,* 140 N. C., 239; *R. R. Connection Case,* 137 N. C., 1; Revisal, sec. 1542.

In recognition and pursuance of this principle, the judgment entered here, embodying the compromise, was a judgment final by consent, modifying the judgment formerly entered, and certified to the court below for the purposes of enforcement.

This being, in our opinion, the correct estimate of the proceedings here on the former appeal, we concur in his Honor's view that the Superior Court was without jurisdiction to change or modify the judgment of this Court by reason of facts and conditions existent and occurring here at the time the judgment was entered and directly appertaining thereto. *Dobson v. Simonton,* 100 N. C., 56; *Murrill v. Murrill,* 90 N. C., 120; *Durant v. Essex Co.,* 101 U. S., 555; 13 Vol. Pl. & Pr., 850; 15 Vol. Pl. & Pr., 228.

This is true of Courts of coördinate jurisdiction, and *a fortiorari* it must hold in reference to final judgments of an Appellate Court. And this being in effect an application to set aside a judgment because this Court was imposed upon by a compromise alleged to be entirely without authority, a motion in the cause supported by affidavits is the proper procedure and a jury trial is not allowed as a matter of right. *Cox v. Boyden,* 167 N. C., 320; *Massie v. Hainey,* 165 N. C., 174; *Bank v. Ewen,* 160 N. C., 414; *Roberts v. Pratt,* 152 N. C., 731.

Doubtless, the Superior Court, on motion before it, could refer such an issue to a jury, and this Court could certify an issue down to be so determined, but the verdict in either case would be of an advisory character and considered only as an aid to the court in making correct ascertainment of the facts in issue.

Coming, then, to the principal question, plaintiff's motion to set aside the present judgment, our decisions hold that an attorney has no right to compromise his client's case without authority to do so. *Bank v. McEwen,* 160 N. C., 414-423; *Morris v. Grier,* 76 N. C., 410; *Moye v. Cogdell,* 69 N. C., 93. But while this position is very generally recognized (Freeman on Judgments, 4th Ed., sec. 463), when a compromise has been made and formally embodied in a court judgment, it is presumed to have been rightfully entered until the contrary is made to appear, and one who undertakes to assail such a judgment has the burden of making good his impeaching averments to the satisfaction of the court. *Gardiner v. May,* 172 N. C., 192.

Considering the record in that aspect, we are of opinion that plaintiff has failed to make out his case. True, he makes affidavit that the compromise was made without any authority from him, and another witness testifies, or makes affidavit, that he at one time overheard a conversation between plaintiff and one of the attorneys which tends in part to corroborate plaintiff. On the other hand, four reputable attorneys, having record as honorable practitioners and upright men, make oath that, acting as counsel in the case, they had grave doubt as to the question presented on the original appeal in the cause, and being satisfied that if a new trial was granted for the errors assigned they would never be able to secure another verdict, they entered into consultation with their client, advised the compromise, and were authorized by him to make it. On this record, we do not hesitate to hold that plaintiff has failed to sustain his allegations as required by law, and the judgment heretofore entered is

Affirmed.