ALMA S. BROWN v. R. G. OWENS AND A. G. MANESS.

(Filed 2 December, 1959.)

**1. Judgments § 25—**

The procedure to attack a consent judgment on the ground that a party thereto did not in fact consent to the judgment as entered is by motion in the cause.

**2. Judgments § 19—**

Where a judgment is regular upon its face the procedure to attack it on the ground that it is in fact void is by motion in the cause.

**3. Mortgages § 36—**

G.S. 45-21.38 has no application to an unsecured note, with endorsers, given by the purchaser of land in addition to a cash payment obtained by the purchaser on a note executed to a third party and secured by a deed of trust.

APPEAL by plaintiff from *Phillips, J.,* April Term, 1959, of RANDOLPH, docketed in this Court as No. 525.

Plaintiff appeals from a judgment (1) sustaining defendants' demurrer *ore tenus* to complaint for failure to state facts sufficient to constitute a cause of action, (2) dissolving a temporary restraining order, and (3) dismissing the action.

This is an independent action, instituted February 11, 1959, to restrain proceedings under an execution issued January 15, 1959, to enforce payment, by the sale of plaintiff's property, of a judgment entered November 25, 1957, by Judge F. Donald Phillips, in a civil action instituted May 4, 1957, entitled *"R. G. Owens and A. G. Maness, Plaintiffs, v. Lonnie Voncannon and wife, Doris Voncannon, Leonard Voncannon and Alma S. Brown, Defendants,"* wherein it was adjudged "that the plaintiffs have and recover of the defendants, jointly and severally, the sum of Two Thousand Dollars," plus interest and costs.

An appeal from a judgment denying the motion of "defendant Alma S. Brown" in said separate civil action to set aside said judgment of November 25, 1957, entered therein, is docketed in this Court as No. 524; and the two appeals were argued together in this Court.

Attached to the complaint herein, and by reference made a part thereof, are copies of the complaint, answer and judgment of November 25, 1957, filed and entered in said separate civil action.

The allegations of the complaint herein, summarized or quoted, are set forth below.

Owens and Maness, defendants herein, contracted to sell to Lonnie Voncannon and wife, Doris Voncannon, for $11,800.00, described real property in Asheboro. During their negotiations, it was discovered that

$9,000.00 was the maximum amount the Voncannons could borrow on the property. In addition to a cash payment of $800.00 and the $9,000.-00 to be borrowed on the property, defendants required that the Voncannons sign a $2,000.00 "side note," and procure the signatures of two endorsers, the said $2,000.00 note to be a "down payment" and "a portion of the purchase price." Defendants prepared the $2,000.00 note of October 15, 1956, payable to defendants "six months or 180 days after date." The $2,000.00 note was signed by the Voncannons. Plaintiff endorsed her name, "Alma S. Brown," on "the back side of the $2,000.00 note," "at the request of the Voncannons."

Defendants required the Voncannons to sign the $2,000.00 note, "as well as the plaintiff to endorse the note," for the purpose of evading, and as a fraudulent scheme to evade, "the North Carolina Deficiency Judgment Law as set forth in G.S. 45-21.38."

The property was conveyed to Lonnie Voncannon and wife, Doris Voncannon. The Voncannons made payment of the purchase price therefor in this manner: (1) $800.00 cash. (2) $9,000.00, borrowed by the Voncannons from the Equitable Life Assurance Society of the United States, the payment of which was secured by their deed of trust to G. E. Miller, Trustee, on the property. (3) Their $2,000.00 "side note," which plaintiff signed as endorser.

The separate action, instituted by Owens and Maness on May 4, 1957, to recover on said $2,000.00 note, was a fraud on the jurisdiction of the Superior Court of Randolph County in that the Superior Court of Randolph County had no jurisdiction of such action because recovery on said $2,000.00 note was precluded by G.S. 45-21.38.

An answer was filed in said separate action, "which answer constituted a general denial of the liability of Alma S. Brown on the $2,000.00 note." (This answer, as shown by copy attached to complaint herein, appears to have been filed in behalf of all defendants by Sam W. Miller, their attorney.)

The judgment of November 25, 1957, entered in said separate action by Judge Phillips, which purports to have been consented to by Sam W. Miller, as attorney for defendants, is void in that she (Alma S. Brown) did not at any time consult with Mr. Miller and did not give him authority to consent to a judgment against her.

On January 17, 1958, G. E. Miller, Trustee, sold the property under the power of sale in the deed of trust securing the indebtedness of the Voncannons to the Equitable Life Assurance Society of the United States. Owens and Maness became the last and highest bidder at $9,400.00. Owens assigned his interest in the bid to Maness. Upon com-

pletion of the foreclosure, the property was conveyed to Maness. There-after Maness sold the property for $9,900.00.

The execution issued January 15, 1959, to enforce payment of said purported judgment, is a part of the original scheme of Owens and Maness to evade G.S. 45-21.38.

Plaintiff assigns as error the entry of said judgment.

*Don Davis and Ottway Burton for plaintiff, appellant.*
*Miller & Beck for defendants, appellees.*

BOBBITT, J.   Plaintiff may not attack by independent action the judgment of November 25, 1957, entered in said separate civil action, on the ground that its validity is dependent upon her consent and she did not consent thereto. The said judgment may be attacked on this ground only by motion in the cause.

"While it is a settled principle of law in this jurisdiction that a consent judgment cannot be modified or set aside without the consent of the parties thereto, except for fraud or mutual mistake, and the proper procedure to vacate such judgment is by an independent action; it is equally well settled that when a party to an action denies that he gave his consent to the judgment as entered, the proper procedure is by motion in the cause." *King v. King,* 225 N.C. 639, 35 S.E. 2d 893, and cases cited.

The said judgment of November 25, 1957, is regular on its face. If void in fact, plaintiff's remedy is by motion in the cause. *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311, and cases cited; *Henderson v. Henderson,* 232 N.C. 1, 10, 59 S.E. 2d 227.

Notice is taken of the fact that the $2,000.00 note, on which the judgment of November 25, 1957, was based, was not, according to plaintiff's allegations, secured by a balance purchase price mortgage or deed of trust. Hence, G.S. 45-21.38 has no application. *Brown v. Kirkpatrick,* 217 N.C. 486, 8 S.E. 2d 601. We perceive no reason why a seller of real estate may not require, in lieu of cash, that the purchaser assure payment of the deferred portion of the purchase price, in whole or in part, by giving a note therefor, with endorsers, rather than by giving a balance purchase price note, with mortgage or deed of trust on the property as security therefor.

Affirmed.