B. D. JOHNSON, NORMAN V. JOHNSON, NASH JOHNSON AND WIFE, MARY SUE JOHNSON, MAUDE JOHNSON HODGES AND HUSBAND, GEORGE HODGES, EMMA C. JOHNSON, OPHELIA JOHNSON CARLTON, VIRGINIA JOHNSON SCARBOROUGH, MAYE JOHNSON SORRELL AND HUSBAND, JOHN SORRELL, FLETCHER JOHNSON, CORA JANE JOHNSON BOSTIC AND HUSBAND, RAEFORD BOSTIC, CARSON JOHNSON, DOROTHY JOHNSON, A MINOR, REPRESENTED IN THIS ACTION BY HER NEXT FRIEND, C. E. STEPHENS, EX PARTE

No. 49

(Filed 20 January 1971)

**1. Appeal and Error § 2— appeal from Court of Appeals — scope of review**

On appeal to the Supreme Court from the Court of Appeals, the inquiry of the Supreme Court is restricted to rulings of the Court of Appeals which are assigned as error and which are preserved in appellants' brief by arguments or by the citation of authorities.

**2. Appeal and Error § 45— abandonment of questions on appeal**

A question on appeal for which no argument was advanced and no citation of authority was made will be deemed abandoned.

**3. Judgments § 21— attack on consent judgment — fraud — mutual mistake — burden of proof**

A judgment entered by the consent of the parties cannot be changed or altered without the consent of the parties to it or be set aside except on proper allegations and proof and a finding by the court that it was obtained by fraud or a mutual mistake or that consent in fact was not given, the burden being on the party attacking the judgment.

In re Johnson

4. **Judgments § 21— attack on consent judgment — motion in the cause**

   The proper procedure to attack a consent judgment on the ground of want of consent at the time it was entered is by motion in the cause.

5. **Judgments § 10; Attorney and Client § 3— consent judgment signed by attorneys — presumption of validity**

   A consent judgment signed by the attorneys for the parties is presumed to be valid, and the burden of proof is upon the one who challenges its invalidity.

6. **Partition § 2; Attorney and Client § 3— agreement for division of lands — binding effect on party to the agreement**

   A petitioner in a partitioning proceeding who, through his attorney, consented to an agreement for the division of lands and thereafter ratified the agreement by making an election of land as provided in the agreement *is held* bound by the agreement.

7. **Partition §§ 3, 9; Judgments § 21; Attorney and Client § 3— partitioning proceeding — attack on consent judgment — order of sale**

   Petitioners in a partitioning proceeding who consented, through their attorneys, to a superior court judgment dismissing their appeal from an order of sale entered in the proceeding by the clerk of superior court, *are held* bound by the consent judgment in a subsequent action to have the clerk's order declared null and void, where (1) there was no allegation or proof of fraud or mutual mistake, (2) there was no motion in the cause to set the judgment aside, and (3) there was no allegation or proof that the attorneys signed the consent judgment without the approval of the petitioners.

8. **Judgments § 10; Partition § 5— partitioning order — effect as consent judgment**

   A clerk's order of sale and distribution in a partitioning proceeding, although not a consent order *per se*, will be treated by the Supreme Court as having the effect of a consent order, where the petitioners in the proceeding had entered into a consent judgment providing (1) that their appeal from the order would be withdrawn and (2) that the proceeding would be remanded to the clerk for such supplemental orders as were necessary to effect the sale and distribution contemplated in the order.

9. **Clerks of Court § 2— ex parte proceeding — filing of written authorization of attorney to act**

   In an *ex parte* proceeding before the clerk of superior court, G.S. 1-401 requires the filing of a written authorization for an attorney to act only when the attorney signs for a petitioner in the original petition; the statute does not apply when the original petition is signed by the petitioner himself.

10. **Clerks of Court § 2; Partition § 3— partitioning proceeding — presumption of clerk's jurisdiction**

    It is presumed that the clerk of court had jurisdiction in a partitioning proceeding; the burden is on the movants asserting the clerk's lack of jurisdiction to establish their assertion.

APPEAL by Bruce Carlton, Executor of Ophelia J. Carlton, Bruce Carlton, individually, Nash Johnson, Mary Sue Johnson, William T. Blanchard and Margaret B. Cooper, under G.S. 7A-30(2), from a decision of the Court of Appeals reported in 9 N. C. App. 102, 176 S.E. 2d 31.

This is an *ex parte* petition for partition which has been pending since 1948. The appeal before us is from a decision of the Court of Appeals reversing an order entered by *Judge Cowper* at the September 1969 Civil Session of DUPLIN County Superior Court.

On 20 October 1948 and for some time prior thereto, the heirs of E. M. Johnson were owners as tenants in common of numerous tracts of land in Duplin and Pender Counties, including the lands described in the *ex parte* petition for partition filed on 20 October 1948 in Duplin County. This proceeding was titled S.P. #2282.

Commissioners were appointed to partition the lands. Their report was filed on 28 September 1950 and confirmed 11 November 1950. As requested in the petition, the commissioners' report provided that timber which "will measure ten (10) inches or more in diameter measured across the stump twelve (12) inches above the ground" was to be cut and sold in accordance with a power of attorney vested in Nash Johnson and B. D. Johnson, two of the petitioners. The report prescribes the manner in which the proceeds shall be distributed among the tenants in common and in which parties the land and remaining timber will vest.

On 13 November 1950, two days after the commissioners' report was confirmed, B. D. Johnson died intestate. Nash Johnson was given a new power of attorney and proceeded to sell the timber on the five tracts allotted to himself and B. D. Johnson.

B. D. Johnson's heirs were his brothers and sisters, all of whom were parties in the original petition. In June 1954 Norman V. Johnson, a petitioner in the original petition, died intestate and subsequent thereto a special proceeding was filed to effect partition of the interests of his heirs. Thereafter, the power of attorney to Nash Johnson was revoked by certain parties to the proceeding. In 1960 petitioner Maude Johnson Hodges died. Seven other special proceedings were filed to effect a division of

rights, either between some of the remaining parties and other parties, or *inter se.* No timber was sold after 31 December 1952 although some of the parties had conveyed their undivided interest in the land and timber.

On 7 February 1964 a motion was filed in S. P. #2282 by attorneys for all the interested parties at that time with the exception of Virginia Johnson Scarborough. The motion sets out the series of events which had transpired with respect to the lands and timber involved in the proceeding and prayed that "the Court enter such orders as may be proper and appropriate for carrying out the judgment heretofore entered in this proceeding." Paragraph 14 of the motion states the following:

> "Movants are unable to determine their respective rights under the Report of Commissioners and Judgment heretofore rendered in this proceeding, as to what timber should now be cut and from what tracts, and as to the manner in which the proceeds of the sale of such timber should be distributed, and as to by whom and in what manner the timber should be sold, and desire the advice and instruction of the court as to these matters."

On 7 February 1964 an order was issued finding Virginia Johnson Scarborough to be a necessary party and setting a hearing for 28 February 1964. The order was served upon her on 12 February 1964. She made no appearance.

On 22 April 1964, following a hearing, the clerk entered an order appointing commissioners who were to sell timber growing on those lands which had not been cut over. The order further provided that the appraisal value of certain timber on specified lands allotted to B. D. Johnson and Nash Johnson shall be added to the net proceeds received from the sale, that the sum so arrived at shall be the fund available for distribution, and that the appraisal value shall be set off in determining Nash Johnson's distributive share. All the parties, except Virgina Johnson Scarborough, appealed from this order.

On 5 August 1964 and before the cause came on to be heard in Superior Court, a document entitled "Agreement for Division" was prepared. Its first paragraph states the following:

> "WHEREAS, the parties to Special Proceedings Numbers 3437, 3472, 3740, 3743, 3738, 3384, 3362, and 2282, as filed

in the Superior Court of Duplin County (except Virginia Johnson Scarborough), are anxious to effectuate a just and equitable division of lands described in such proceedings; and WHEREAS, said parties and their attorneys of record (except Virginia Johnson Scarborough) realize and appreciate the problems presented by the pleadings as filed, and are now desirous of resolving their minor differences and effectually dividing said property; and to this end they have agreed and do now agree as follows: * * * "

The Agreement provides for a distribution of the lands involved in all proceedings except S.P. #2282, and regarding S.P. #2282 provides that " * * * appeals shall be withdrawn by proper order and the case remanded to the Clerk of Superior Court of Duplin County for such supplementary orders as may be necessary to effectuate the sales and division thereby contemplated."

The Agreement further provides that Nash Johnson shall have a right of election to take either the Newkirk tract in S.P. #3740 or the Norman Johnson tract in S.P. #3384. This Agreement was signed by attorneys representing all parties, and on 10 August 1964 Nash Johnson, through his attorney H. E. Phillips, elected to take the Newkirk tract as provided in the Agreement.

On 7 October 1964 Judge Henry L. Stevens, Jr., with the consent of the attorneys for the parties and pursuant to the Agreement of 5 August 1964, dismissed the appeal from the order entered by the clerk on 22 April 1964 and remanded the cause to the clerk of the Superior Court of Duplin County for further proceedings in conformity with that order. No question was raised with respect to the order entered by Judge Stevens or the Agreement entered into on 5 August 1964 by the parties until 25 January 1968 when William T. Simpson, attorney for Nash Johnson and his co-movants, filed a motion in the cause requesting an order: (1) restraining the commissioners appointed by the 22 April 1964 order from taking any action, and (2) directing all parties in interest to appear and show cause "why the order dated 22 April 1964 should not be rescinded and dissolved." This motion was denied by the clerk, and the movants appealed to the Superior Court.

On 14 December 1969, after making extensive findings of fact and entering conclusions of law thereon, Judge Cowper entered the following order:

"It is Now, THEREFORE, ORDERED that the motion of January 25, 1968 be and the same is hereby allowed.

"The Court does further ORDER that the motion filed February 7, 1964 be and the same is hereby denied.

"It is further ORDERED that the order of the Honorable R. V. Wells, Clerk, Superior Court, dated April 22, 1964, is hereby set aside and declared null and void."

*W. A. Johnson; Wells, Blossom & Burrows; and Venters & Dotson for W. Victor Venters and wife, Katherine C. Venters, Mae J. Sorrell, Cora Jane J. Bostic and husband, Raeford Bostic, Carson Johnson, Fletcher Johnson, and Dorothy J. Lane and husband, Lester Lane, appellees.*

*Wheatly & Mason and William F. Simpson for Bruce Carlton, Executor of Ophelia J. Carlton, Bruce Carlton, individually, Nash Johnson, Mary Sue Johnson, William T. Blanchard and Margaret B. Cooper, appellants.*

MOORE, Justice.

Virginia Johnson Scarborough was a party to the original petition and was a party and ordered to appear at the hearing on 22 April 1964. She made no appearance and did not appeal from the 22 April 1964 order entered by the clerk. She was not a party to the Agreement of 5 August 1964 or the consent order entered by Judge Stevens on 7 October 1964. She did join in as a movant in the motion of 25 January 1968, but withdrew and is not now a party to this appeal.

[1] Only the decision of the Court of Appeals is before us for review. Our inquiry is restricted to rulings of the Court of Appeals which are assigned as error and which are preserved by arguments or by the citation of authorities with reference thereto in the brief filed by the appellants in this Court. In their brief the appellants state that the questions involved in this appeal are:

"1. Was the Court of Appeals correct in finding that the Clerk had jurisdiction over the parties, lands and timber encompassed in his order of 22 April 1964?

"2. Was the Court of Appeals correct in setting forth that the movants had failed in showing that certain lands before the Clerk were not involved in the 1948 petition because the Court of Appeals was 'unable to determine this from the record'?

"3. Was the Court of Appeals correct in asserting that where the judgment is void as to Virginia Johnson Scarborough, it is effective as against the other tenants in common?

"4. Was Judge Cowper in error in the entry of his order?"

[2]   No argument was advanced and no citation of authority was made in connection with question No. 3. This is deemed abandoned and is not before us. *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353.

The real question involved is: Was Judge Cowper in error in declaring the order entered by the clerk on 22 April 1964 null and void? The Court of Appeals answered this question in the affirmative. We agree.

On 7 February 1964 all the parties in interest (except Virginia Johnson Scarborough) requested the clerk to hold a hearing and enter such order as appropriate for carrying out the judgment entered by the court on 13 November 1950 confirming the report of the commissioners in *ex parte* proceeding #2282. In compliance with this motion the clerk entered his order of 22 April 1964. All the parties appealed from this order, but on 5 August 1964 while the appeal was pending all the parties entered into an Agreement to divide certain lands involved in S.P. #2282, as well as other lands owned by the parties, and further agreed that by proper order their appeal from the clerk's order of 22 April 1964 would be withdrawn.

On 7 October 1964 Judge Stevens, with the consent of the attorneys for all the parties (except Virginia Johnson Scarborough) entered the following order:

In re Johnson

"This cause coming on to be heard and the same being heard before his Honor, Henry L. Stevens, Jr., Judge presiding at the October, 1964, term of Civil Superior Court of Duplin County; and it appearing to the Court that the above matter has been duly calendared for trial; and it further appearing to the Court from inspection of the records that on April 22, 1964, His Honor, R. V. Wells, Clerk of Superior Court of Duplin County, entered an order in the above entitled cause, making certain findings of fact and conclusions of law and it further appearing to the Court that the movants excepted to the findings of fact, conclusions of law and to the order entered in this cause and appealed from said order, and that Virginia Johnson Scarborough did not appeal;

"And it further appearing to the Court that the attorneys for the movants in the above entitled cause now move the Court that the appeal from the order and conclusions of law and findings of fact in this cause be dismissed and that this matter be remanded to the Clerk of Superior Court of Duplin County for further proceedings in conformance with said order;

"IT IS NOW, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the appeal filed in this cause by the movants be and the same is hereby dismissed and IT IS FURTHER ORDERED that this cause be remanded to the Clerk of Superior Court of Duplin County for further proceedings in conformance with the order entered on April 22, 1964, by the Clerk of Superior Court of Duplin County."

[3-7] The Agreement entered into by the parties on 5 August 1964 also provided, among other things, that Nash Johnson should have a right of election to take either the Newkirk or Norman Johnson tract as set out in the Agreement, and on 10 August 1964 Nash Johnson, through his attorney H. E. Phillips, filed with the clerk notice of his election to take the Newkirk tract. Nash Johnson having first consented to and then having ratified the Agreement of 5 August 1964 by making the election provided for in the Agreement cannot now attack that Agreement. Neither he nor his co-movants, all of whom consented through their attorneys to the judgment signed by Judge Stevens withdrawing their appeal from the clerk's entry of the order of 22 April 1964, can attack that order by motion in the cause

some four years later. A judgment entered by the consent of the parties cannot be changed or altered without the consent of the parties to it or set aside except on proper allegations and proof and a finding by the court that it was obtained by fraud or a mutual mistake or that consent in fact was not given, the burden being on the party attacking the judgment. *Owens v. Voncannon,* 251 N.C. 351, 111 S.E. 2d 700; *Armstrong v. Insurance Co.,* 249 N.C. 352, 106 S.E. 2d 515; *Boucher v. Trust Co.,* 211 N.C. 377, 190 S.E. 226; 5 Strong's N. C. Index 2d, Judgments § 21. The proper procedure to attack a consent judgment on the ground of want of consent at the time it was entered is by motion in the cause. *Overton v. Overton,* 259 N.C. 31, 129 S.E. 2d 593; *Brown v. Owens,* 251 N.C. 348, 111 S.E. 2d 705; 5 Strong's N. C. Index 2d, *ibid.* A consent judgment signed by the attorneys for the parties is presumed to be valid and the burden of proof is upon the one who challenges its invalidity. *Howard v. Boyce,* 254 N.C. 255, 118 S.E. 2d 897; *Chemical Co. v. Bass,* 175 N.C. 426, 95 S.E. 766; *Chavis v. Brown,* 174 N.C. 122, 93 S.E. 471; *Gardiner v. May,* 172 N.C. 192, 89 S.E. 955; 1 Strong's N. C. Index 2d, Attorney and Client § 3. In this case, there was no allegation or proof of fraud or mutual mistake. There was no motion in the cause to set the judgment aside, and neither Nash Johnson nor his co-movants alleged or offered proof that the attorneys signed the Agreement or the consent judgment before Judge Stevens without their approval. Under these circumstances, the Agreement and the consent judgment are binding on the parties.

[8] While the order of 22 April 1964 is not a consent order *per se,* by consenting in the Agreement for Division that the appeal from that order be withdrawn and that the case be remanded to the clerk for *such supplementary orders as necessary to effectuate the sales and division contemplated in the 22 April 1964 order,* and by consenting to the judgment of Judge Stevens that the cause be remanded for *proceedings in conformance with that order (22 April 1964),* the parties clearly indicated that they did in fact agree to the terms of the clerk's order of 22 April 1964, and for the purposes of this decision we hold that the order has the same effect as if actually entered by consent of the parties thereto.

[9] Movants contend that under G.S. 1-401 a written authorization for the attorney to act must be filed with the clerk. This

statute only requires written authorization when the attorney signs for a petitioner in the original petition. It does not apply here as the original petition in S. P. #2282 was signed by the parties themselves.

[10] Finally, the movants contend that the clerk lacked jurisdiction in the order of 22 April 1964 due to the fact that certain lands were before the clerk in 1964 which were not included in the 1948 petition. The Court of Appeals correctly held that the burden was on the movants to establish this assertion as a matter of fact. This they failed to do, and as jurisdiction is presumed, the record on its face does not reveal a want of jurisdiction. *Jackson v. Bobbitt,* 253 N.C. 670, 117 S.E. 2d 806.

For the reasons stated, we hold that the Court of Appeals correctly held that Judge Cowper erred in the entry of the order appealed from, and the decision of the Court of Appeals is affirmed.

Affirmed.