MARY LOUISE GALLAGHER *v.* JOHN L. GALLAGHER
(10913)

O'CONNELL, LAVERY and FREEDMAN, Js.

Argued October 27—decision released November 17, 1992

*Allan S. Mall,* for the appellant (defendant).

*Mark H. Henderson,* for the appellee (plaintiff).

PER CURIAM. On July 19, 1990, the trial court granted the defendant's motion to "allocate support of judgment of unallocated alimony and support and terminate alimony." No appeal was taken from this action of the trial court.

By a motion dated June 28, 1991, more than eleven months after the granting of the motion regarding allocation, the plaintiff filed a motion "to reopen judgment based upon fraud and lack of subject matter jurisdiction." After a hearing, the trial court found that it had jurisdiction to grant the motion to allocate. No evidence of fraud was offered at this hearing, and the trial court made no finding of fraud. Nevertheless, the trial court opened the judgment on the basis that "[i]t may be that the parties were not fully heard with respect to the issue of the amount of allocation."

" 'Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment . . . rendered in the superior court may not be opened . . . unless a motion to open . . . is filed within four months succeeding the date on which it was rendered or passed.' General Statutes § 52-212a; Practice Book § 326. Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered." *Van Mecklenburg* v. *Pan American World Airways, Inc.,* 196 Conn. 517, 518, 494 A.2d 549 (1985). "After the expiration of the four month period . . . a judgment may not be vacated upon the sole ground that it is erroneous in matter of law, except by a court exercising appellate or revisory jurisdiction, unless such action is authorized by statute or unless the error is one going

to the jurisdiction of the court rendering the judgment. . . . The court does have inherent authority, however, at any time to open and modify a judgment rendered without jurisdiction." (Citation omitted.) *Misinonile* v. *Misinonile,* 190 Conn. 132, 134–35, 459 A.2d 518 (1983). In addition, a judgment may be opened after the expiration of the four month period if the judgment was obtained by fraud. *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980).

Here, the trial court made no finding of fraud and found that it in fact had jurisdiction to grant the motion to allocate. The trial court, therefore, lacked jurisdiction to grant the motion to open the judgment.

In addition to granting the motion to open, the trial court awarded counsel fees to the plaintiff to defend this appeal. The defendant amended his appeal to challenge the propriety of this award of counsel fees but did not brief this issue. Consequently, we consider this issue to be abandoned. *Daniels* v. *Warden,* 28 Conn. App. 64, 65 n.1, 609 A.2d 1052, cert. denied, 223 Conn. 924, 614 A.2d 820 (1992); *Saradjian* v. *Saradjian,* 25 Conn. App. 411, 418, 595 A.2d 890 (1991).

The award of counsel fees is affirmed. The granting of the motion to open is reversed and the matter is remanded with direction to deny the motion.