[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT (#111)
The power of a court to set aside a default judgment is controlled by General Statutes 52-212. Pantlin Chananie Development Corp. v. Hartford Cement Building Supply Co.,196 Conn. 233, 234-35, 492 A.2d 159 (1985). Section 52-212
provides, in pertinent part, that
[a]ny judgment rendered . . . upon a CT Page 2753 default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered . . . upon the complaint or written motion of any party . . . showing reasonable cause, or that a good . . . defense . . . existed at the time of the rendition of the judgment . . . . (Emphasis added.) General Statutes 52-212(a).
The defendant, Deborah Pico, moves to open the default judgment on the grounds that she did not receive notice or service of the original complaint she has, and had at the time judgment was rendered, a good defense the judgment was obtained by fraud and the court lacked personal jurisdiction over her. In opposition, the plaintiff, Capossela, Cohen, Engelson Coleman, argues that the court lacks jurisdiction to entertain this motion in that the defendant filed the motion more than four months after judgment was rendered.
Although, "`the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered;'" Gallagher v. Gallagher, 29 Conn. App. 482, 483,618 A.2d 281 (1992), quoting Van Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517, 518, 494 A.2d 549 (1985) "`[t]the court does have inherent authority . . . at any time to open and modify a judgment rendered without jurisdiction.'" Id., 594, quoting Misinonile v. Misinonile, 190 Conn. 132,134-35, 459 A.2d 518 (1983). "`No principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment whenever and wherever declared upon as a source of right, may always be challenged.'" General Motors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223, 229,535 A.2d 396 (1988), quoting Samson v. Bergin, 138 Conn. 306,312, 84 A.2d 273 (1951). "In addition, a judgment may be opened after the expiration of the four month period if the judgment was obtained by fraud." Gallagher, supra, 284 citing Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837
(1980).
The defendant first argues that the court lacked jurisdiction in that the plaintiff failed to comply with the service of process requirements of General Statutes 52-59b. "Service of process on a party in accordance with the statutory CT Page 2754 requirements is a prerequisite to the court's exercise of in personam jurisdiction over that party." General Motors Acceptance Corp., supra 227, citing White-Bowman Plumbing 
Heating, Inc., v. Biafore, 182 Conn. 14, 16-17, 437 A.2d 833
(1980). "`[T]he judgment of a court of even general jurisdiction cannot affect a person who had no notice to appear. As to him the proceedings are corum non judice.'" Id., 229, quoting Parsons v. Lyman, 32 Conn. 566, 577 (1863).
Section 52-59b(c) provides, in pertinent part, that in the case of a non resident:
 process shall be served by the officer to whom the same is directed upon the secretary by leaving with or at the office of the secretary . . . a true and attested copy thereof, and by sending to the defendant at his last-known address, by registered or certified mail . . . a like true and attested copy with an endorsement thereon of the service upon the secretary. (Emphasis added.)
General Statutes 52-59b(c) requires that (1) process be served upon the secretary of state, and (2) a copy of process be sent to the defendant by registered or certified mail.
The sheriff's returns of October 1, 1987 and February 16, 1988 show that process was only served on the secretary of state. The first requirement of 52-59b(c) was satisfied. However, the returns do not indicate and the plaintiff has submitted no proof to the court that a copy of the process was sent by the sheriff to the defendant by registered or certified mail. Therefore the plaintiff has failed to comply with the second requirement of 52-59b(c).
Service was not made in accordance with the statutory requirements and the court lacked jurisdiction.
The motion to open judgment is granted.
BALLEN, JUDGE CT Page 2755