GLADYS M. WILKINSON, PLAINTIFF v. SRW/CARY ASSOCIATES, A NORTH
    CAROLINA GENERAL PARTNERSHIP, AND TIMOTHY R. SMITH AND WIFE,
    ROSEMARY P. SMITH, AND JULIAN W. RAWL AND WIFE, BARBARA
    RAWL, DEFENDANTS

No. 9210SC1126

(Filed 7 December 1993)

**Mortgages and Deeds of Trust § 119 (NCI4th)— sale of land—
unsecured note—action against purchaser**

> The trial court properly granted summary judgment for
> plaintiff in an action to collect the unpaid balance on an
> unsecured note given as partial payment for real property.
> The anti-deficiency statute, N.C.G.S. § 45-21.38, does not act
> to bar an *in personam* action where the promissory note is
> unsecured. In *Barnaby v. Boardman*, 313 N.C. 565, the
> noteholders were unsecured only because they had released
> the security which the buyers had given for the note, while
> the note in this case was never secured by a mortgage or
> deed of trust.

**Am Jur 2d, Mortgages § 920.**

Appeal by defendants from order entered 22 September 1992
by Judge Robert L. Farmer in Wake County Superior Court. Heard
in the Court of Appeals 6 October 1993.

*Pinna, Johnston, O'Donoghue & Burwell, P.A., by Roderick
W. O'Donoghue, Jr., for plaintiff-appellee.*

*David S. Morris for defendant-appellants.*

MARTIN, Judge.

On 20 March 1987 plaintiff agreed to convey approximately
155 acres of unimproved real property to defendant partnership
SRW/Cary Associates in exchange for ten parcels of improved real
property, $50,000 in cash, and an unsecured promissory note in
the principal sum of $100,000. The promissory note provided on
its face that it was given for the balance of the purchase price
of a parcel of real property and was guaranteed by defendants
Timothy R. Smith, Rosemary P. Smith, Julian W. Rawl, and Barbara
Rawl. Mr. Smith and Mr. Rawl were partners in SRW/Cary
Associates. Defendants did not pay the note in accordance with

its terms and refused plaintiff's demand for payment of the outstanding balance and accrued interest.

Plaintiff thereafter commenced this action to recover the unpaid balance, accrued interest, and attorney fees. Plaintiff moved for summary judgment; at the hearing defendants orally moved for summary judgment. Plaintiff's motion for summary judgment was allowed; defendants' motion for summary judgment was denied. Defendants appeal.

———————

All parties agree that the facts, as stated above, are not in dispute and that this is an appropriate case for summary judgment. Summary judgment is proper where there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c). This appeal presents the question of whether G.S. § 45-21.38, North Carolina's so-called anti-deficiency statute, precludes the holder of an unsecured note, given as partial payment of the purchase price for real property, from bringing a suit to enforce the note upon the purchaser's default. We hold that it does not and affirm summary judgment for plaintiff.

By its terms, G.S. § 45-21.38 applies only to "sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust . . . ." N.C. Gen. Stat. § 45-21.38. The statute acts to prohibit "the mortgagee or trustee or holder of the notes *secured* by such mortgage or deed of trust [from obtaining] a deficiency judgment on account of such mortgage or deed of trust or obligation *secured* by the same (emphasis added)." *Id.*

Simply stated, under the anti-deficiency statute a holder of a purchase money mortgage or deed of trust, upon foreclosure, is limited to recovery of the security or the proceeds from the sale of the security. The holder may not ignore his security and bring an *in personam* action against the mortgagor on the note secured by the deed of trust. Likewise, the holder may not bring an *in personam* suit against the mortgagor after foreclosure to recover the amount of the note left unsatisfied by the foreclosure. *Blanton v. Sisk*, 70 N.C. App. 70, 318 S.E.2d 560 (1984); *Bank v. Belk*, 41 N.C. App. 356, 255 S.E.2d 421, *disc. review denied*, 298 N.C. 293, 259 S.E.2d 911 (1979).

The statute does not, however, act to bar an *in personam* action where the promissory note is unsecured. *Brown v. Owens*, 251 N.C. 348, 111 S.E.2d 705 (1959); *Blanton v. Sisk, supra.* In *Brown*, the plaintiff was a guarantor on an unsecured note given by the buyer as a down payment of the purchase price of a parcel of real property. When the note was defaulted, the seller sought to recover the unpaid balance from the plaintiff and the plaintiff filed suit to enjoin the seller's action on the ground that it violated the provisions of G.S. § 45-21.38. The Court held that G.S. § 45-21.38 had no application because the note was not "secured by a balance purchase price mortgage or deed of trust." *Brown*, 251 N.C. at 350, 111 S.E.2d at 707.

Defendants contend that *Brown v. Owens* is no longer sound authority because the North Carolina Supreme Court has, in *Barnaby v. Boardman*, 313 N.C. 565, 330 S.E.2d 600 (1985), expressly rejected the reasoning of *Brown v. Kirkpatrick*, 217 N.C. 486, 8 S.E.2d 601 (1940), the case relied upon by *Brown v. Owens*. We are not persuaded, however, that *Barnaby* requires reversal of the present case.

In *Barnaby*, the noteholders were unsecured only because they had released the security which the buyers had given for the note. Therefore, the Court reasoned that "[t]o allow them to release their security and then sue upon the note would give them the 'option' forbidden by the statute. Such a result would violate the intent of the General Assembly and, in effect, repeal the statute." *Barnaby*, 313 N.C. at 568, 330 S.E.2d at 602. The Court cited its conclusion in *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E.2d 271 (1979), that in enacting the anti-deficiency statute, "the Legislature intended to take away from creditors the option of suing upon the note in a *purchase-money mortgage transaction.*" *Barnaby*, 313 N.C. at 568, 330 S.E.2d at 602 (emphasis added).

In the present case, plaintiff is not attempting to exercise an option which is forbidden by the statute. Because the note given by defendants was never secured by a mortgage or deed of trust, no purchase-money mortgage situation was ever created; G.S. § 45-21.38 is inapplicable and does not forbid plaintiff from bringing an *in personam* action against defendants for the unpaid balance of the note.

The individual defendants also contend that the protection of the anti-deficiency statute should be extended to them in their

capacities as partner-guarantors and wives of the partner-guarantors. Since we have concluded that the provisions of G.S. § 45-21.38 are inapplicable to the facts of the present transaction, we need not consider the contentions of the individual defendants as to the extent of the protection provided by the statute when it does apply.

Affirmed.

Judges WELLS and LEWIS concur.