[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO CLARIFY POST JUDGMENT DATED 8/26/99 
In order to provide a proper framework and history of this case, the court sets forth the following:
On April 3, 1997, the Court, Austin, J., after hearing, had entered a judgment and decree of dissolution pertaining to this matter and entered certain orders incident thereto.
On June 24, 1998, counsel appeared for the defendant who had not attended the April 3, 1997 hearing nor been represented by counsel and filed a motion to open and modify post judgment claiming fraud or intentional misrepresentation in the April 3, 1997 proceedings. Thereafter, the Court, Austin, J., conducted a hearing on the motion to open on October 27, 1998 and issued a 13-page memorandum thereon granting the motion to open, which memorandum is dated November 18, 1998 and filed November 20, 1998.
Thereafter, the defendant filed a motion for alimony post judgment and a new extensive prayer for relief both dated January 19, 1999.
Thereafter, the matter was heard de novo by the Court, Vasington, J., at a hearing where both the plaintiff and the defendant were present with counsel and on June 16, 1999, Vasington, J. issued a memorandum of decision on the matter. CT Page 13571
In the June 16, 1999 decision, the court, Vasington, J., entered certain substantial financial orders.
On August 30, 1999, the defendant, by counsel, filed a motion to clarify, the June 16, 1999 decision of Vasington, J. and on September 28, 1999, the court, Vasington, J., held a hearing thereon and upon the conclusion thereof directed counsel to return to this jurist as concerns certain orders entered in the April 3, 1997 judgment.
In its November 18, 1998 memorandum of decision on the motion to open, the court, in that portion entitled "The Law", dwelt at length on reopening judgments after four months and the requirements thereof.
The court recites herein again that portion of the November 18, 1998 memorandum as concerns the law:
 The Law
C.G.S. Sec. 52-212. Reopening judgment upon default or nonsuit.
(a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.
 (b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear.
 (c) The court shall order reasonable notice of the pendency of the complaint or written motion to be given to the adverse party, and may enjoin him against enforcing the judgment or decree until the decision upon the complaint or written motion.
CT Page 13572
Citicorp Mortgage Inc. vs. Tarro, 37 Conn. App. 56, 59 (1995)
 It is well recognized that where a motion to open a judgment is filed more than four months from the date of the judgment, the trial court lacks jurisdiction to open the judgment. Connecticut Pharmaceutical Assn., Inc. v. Milano, 191 Conn. 555, 558, 468 A.2d 1230 (1993); Celanese Fiber v. Pic Yarns, Inc., 184 Conn. 461, 465-66, 440 A.2d 159
(1981). In Celanese Fiber, our Supreme Court held that a trial court "lacked jurisdiction to open the judgment unless the `otherwise provided by law' exception applies." Celanese Fiber v. Pic Yarns, Inc., supra, 465. Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered. Van Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517, 518, 494 A.2d 549 (1985); Gallagher v. Gallagher, 29 Conn. App. 482, 483, 616 A.2d 281 (1992). Moreover, it has long been held that "[i]t is necessary to the validity of the judgment "that the court should have had jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant.'" Hanson v. Commission of Transportation, 176 Conn. 391, 401, 408 A.2d 8 (1979).
 There are few exceptions to the general rule. The court does have jurisdiction to open a stipulated judgment, on a motion, even after the four month period has elapsed if the movant can show that the judgment was obtained by fraud, duress, accident, or mistake. Solomon v. Keiser, 22 Conn. App. 424, 577 A.2d 1103 (1990). Accordingly, Practice Book § 326 does not prevent the later reopening of a judgment obtained by fraud, by mutual mistake or by actual absence of consent. Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837 (1980).
Kenworthy v. Kenworthy, 180 Conn. 129, 131 (1980).
 It is a well-established general rule that even a judgment rendered by the court upon the consent of the parties, which is in the nature of a contract to which the court has given its approval, can subsequently be opened without the assent of the parties if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the actual absence of consent, or by mutual mistake. See Sparaco v. Tenney, 175 Conn. 436, 437-38, 399 A.2d 1261; Bryan v. Reynolds, 143 Conn. 456, 460-61, 123 A.2d 192; see also Arkansas StateCT Page 13573 Highway Commission v. Clemmons, 244 Ark. 1124, 428 S.W.2d 280, Ratermann v. Ratermann, 485 S.W.2d 80 (Mo.); In re Johnson, 277 N.C. 688, 178 S.E.2d 470; Westfall v. Wilson, 255 Or. 428, 467, P.2d 966; 3 Freeman, Judgments (5th Ed.) § 1352; 46 Am.Jur.2d, Judgments § 688; annot., 139 A.L.R. 421. The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time.
Billington v. Billington, 220 Conn. 212, 217 (1991)
 We granted certification in order to determine; (1) whether our law should continue to require a marital litigant to exercise diligence in discovering her marital partner's fraud as a condition of opening a judgment concerning the financial aspects of the dissolution of their marriage on the basis of that fraud; and (2) in this context, whether there should be a difference between fraud on the court and fraud on the adverse party. For the reasons that follow, we conclude that a requirement of diligence in the discovery of marital fraud should be abandoned, but that the concept of a fraud on the court is properly confined to situations where both of the parties intentionally conceal material information from the court.
 I We turn now to the first certified issue. "`Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed.'" Alexander v. Church, 53 Conn. 561, 562, 4 A. 103 (1886), quoting T. Cooley, Torts p. 474. The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment. Maturo v. Gerard, 196 Conn. 584, 587, 494 A.2d 1199 (1985); Miller v. Appleby, 183 Conn. 51, 54-55, 438 A.2d 811 (1981).
 "The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time." Id. CT Page 13574
 In Varley v. Varley, supra, 4, we imposed four limitations on the granting of relief from a marital judgment secured by fraud: "(1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different." We reiterated those four limitations in Jucker v. Jucker, supra, 677. The Appellate Court has applied these limitations as well. See Gelinas v. Gelinas, 100 Conn. App. 167, 174, 522 A.2d 295, cert. denied, 204 Conn. 802, 525 A.2d 965 (1987); Grayson v. Grayson, 4 Conn. App. 275, 286, 494 A.2d 576 (1985); Jackson v. Jackson, 2 Conn. App. 179, 189, 478 A.2d 1026 (1984); but see Greger v. Greger, supra, 599-600 (express finding of fraud on court required that judgment be opened without regard to four limitations). In this case, we are concerned only with the second of these limitations, namely, that the party seeking to open the judgment exercised diligence in the original action in order to discover and expose the fraud. We are persuaded that the time has come to abandon that limitation.
On the basis of the foundation required to open after four months have elapsed since the April 3, 1997 judgment, any prior financial orders of the court are void and of no force or effect and all issues must be decided on the rehearing de novo.
The court judicially notices the record of proceedings before Vasington, J. on September 28, 1999.
Any modification or change in the judgment of June 16, 1999 must of necessity be done by Vasington, J.
The April 3, 1997 judgment at least as to all financial matters opened on the basis of fraud and intentional misrepresentation has evaporated like a puff of smoke.
This jurist does not have the ability to modify the June 16, 1999 judgment. See also Plaintiff's Exhibit 1 and Defendant's Exhibit 1 entered at the October 6, 1999 hearing "Proposed Orders".
This jurist cannot in effect piggyback some of its orders on CT Page 13575 April 3, 1997 onto the judgment rendered by Vasington, J.
Austin, JTR