[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION TO OPEN THE JUDGMENT DUE TO FRAUD
The plaintiff Wayne F. Vargas filed a motion to open due to fraud which bears the date of July 21, 2000. This motion was faxed to the court on September 19, 2000. The original of the motion does not appear to be within the confines of the file.
As concerns this motion to open due to fraud the court notes that by CT Page 11867 virtue of a memorandum of decision dated November 30, 1999 and filed December 1, 1999, the court entered certain orders which are reflected in that 31-page memorandum of decision.
Subsequently, the court issued a memorandum of decision on the plaintiffs motion for clarification. That memorandum was dated March 9, 2000 and filed March 10, 2000. Subsequently, the court filed a memorandum of decision on the defendant's motion for clarification as concerns the March 9, 2000 memorandum which was filed on May 25, 2000.
On September 20, 2000 the plaintiff and the defendant and witnesses appeared before the court and the court received testimony and certain exhibits with regard to the plaintiffs motion to open due to fraud.
At the September 20, 2000 hearing the defendant, Mary Vargas, testified as concerns the subject bank account, the Hawaii trip referred to in her earlier memorandums, and what the particular bank account was used for including funds that went to the defendant's dentist and the forwarding of funds to Florida to Vacation Adventures, Inc.
The defendant testified as to the date on which the funds were sent and there is an exhibit in the file, Plaintiffs Exhibit E, letter by the defendant to Vacation Adventures, Inc., which exhibit speaks for itself.
In addition the defendant's daughter Elizabeth Andruskewicz testified as to the mailing of a money order to the vacation agency in Florida identified the same as a money order but was not able to testify as to the amount because the envelope was sealed.
The plaintiff did not testify at the September 20, 2000 hearing.
The court has considered the testimony and the exhibits offered.
The court sets forth the following as to the law applicable in matters of this nature to the following effect.
 The Law
C.G.S.
 Sec. 52-212. Reopening judgment upon default or nonsuit. (a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on CT Page 11868 the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.
 (b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear.
 (c) The court shall order reasonable notice of the pendency of the complaint or written motion to be given to the adverse party, and may enjoin him against enforcing the judgment or decree until the decision upon the complaint or written motion.
Citicorp Mortgage Inc. vs. Tarro, 37 Conn. App. 56, 59 (1995)
 It is well recognized that where a motion to open a judgment is filed more than four months from the date of the judgment, the trial court lacks jurisdiction to open the judgment. Connecticut Pharmaceutical Assn., Inc. v. Milano, 191 Conn. 555, 558, 468 A.2d 1230
(1993); Celanese Fiber v. Pic Yarns. Inc., 184 Conn. 461, 465-66, 440 A.2d 159 (1981). In Celanese Fiber, our Supreme Court held that a trial court "lacked jurisdiction to open the judgment unless the "otherwise provided by law' exception applies." Celanese Fiber v. Pic Yarns. Inc., supra, 465. Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered. Van Mecklenburg v. Pan American World Airways. Inc., 196 Conn. 517, CT Page 11869 518, 494 A.2d 549 (1985); Gallagher v. Gallagher, 29 Conn. App. 482, 483, 616 A.2d 281
(1992). Moreover, it has long been held that "[i]t is necessary to the validity of the judgment "that the court should have had jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant."' Hanson v. Commission of Transportation, 176 Conn. 391, 401, 408 A.2d 8
(1979).
 There are few exceptions to the general rule. The court does have jurisdiction to open a stipulated judgment, on a motion, even after the four month period has elapsed if the movant can show that the judgment was obtained by fraud, duress, accident, or mistake. Solomon v. Keiser, 22 Conn. App. 424, 577 A.2d 1103 (1990). Accordingly, Practice Book § 326 does not prevent the later reopening of a judgment obtained by fraud, by mutual mistake or by actual absence of consent. Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837 (1980).
Kenworthy v. Kenworthy, 180 Conn. 129, 131 (1980).
 It is a well-established general rule that even a judgment rendered by the court upon the consent of the parties, which is in the nature of a contract to which the court has given its approval, can subsequently be opened without the assent of the parties if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the actual absence of consent, or by mutual mistake. See Sparaco v. Tenney, 175 Conn. 436, 437-38, 399 A.2d 1261; Bryan v. Reynolds, 143 Conn. 456, 460-61, 123 A.2d 192; see also Arkansas State Highway Commission v. Clemmons, 244 Ark. 1124, 428 S.W.2d 280, Ratermann v. Ratermann, 485 S.W.2d 80 (Mo.); In re Johnson, 277 N.C. 688, 178 S.E.2d 470; Westfall v. Wilson, 255 Or. 428, 467 P.2d 966; 3 Freeman, Judgments (5th Ed.) § 1352; 46 Am.Jur.2d, Judgments § CT Page 11870 688; annot., 139 A.L.R. 421. The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time.
Billington v. Billington, 220 Conn. 212, 217 (1991)
 We granted certification in order to determine; (1) whether our law should continue to require a marital litigant to exercise diligence in discovering her marital partner's fraud as a condition of opening a judgment concerning the financial aspects of the dissolution of their marriage on the basis of that fraud; and (2) in this context, whether there should be a difference between fraud on the court and fraud on the adverse party. For the reasons that follow, we conclude that a requirement of diligence in the discovery of marital fraud should be abandoned, but that the concept of a fraud on the court is properly confined to situations where both of the parties intentionally conceal material information from the court.
I
 We turn now to the first certified issue. "`Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed.'" Alexander v. Church, 53 Conn. 561, 562, 4 A. 103 (1886), quoting T. Cooley, Torts p. 474. The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment. Maturo v. Gerard, 196 Conn. 584, 587, 494 A.2d 1199 (1985); Miller v. Appleby, 183 Conn. 51, 54-55, 438 A.2d 811 (1981). CT Page 11871
 "The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time." Id.
 In Varley v. Varley, supra, 4, we imposed four limitations on the granting of relief from a marital judgment secured by fraud: "(1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different." We reiterated those four limitations in Jucker v. Jucker, supra, 677. The Appellate Court has applied these limitations as well. See Gelinas v. Gelinas, 100 Conn. App. 167, 174, 522 A.2d 295, cert. denied, 204 Conn. 802, 525 A.2d 965 (1987); Grayson v. Grayson, 4 Conn. App. 275, 286, 494 A.2d 576 (1985); Jackson v. Jackson, 2 Conn. App. 179, 189, 478 A.2d 1026 (1984); but see Grezer v. Grezer, supra, 599-600 (express finding of fraud on court required that judgment be opened without regard to four limitations). In this case, we are concerned only with the second of these limitations, namely, that the party seeking to open the judgment exercised diligence in the original action in order to discover and expose the fraud. We are persuaded that the time has come to abandon that limitation.
On the basis of the foregoing legal authority, the court finds that the requisite requirements to establish fraud have not been established as presented to the court and the motion to open due to fraud is therefore denied.
Austin, J. CT Page 11872