JOHN ALEXANDER vs. SARAH A. CHURCH.

The plaintiff alleged in his complaint that as a sub-contractor in the construction of a building for the defendant, he had an inchoate lien on the property for his claim and was about to take proceedings to perfect it, when the defendant, for the purpose of preventing his doing so, falsely represented to him that she had paid the original contractor in full and that nothing was due him; and that the plaintiff, believing the representation, did not perfect his lien, and thereby lost it; claiming damages for the false representation. Held, on a demurrer to the complaint that it presented a good cause of action.

And held not to affect the case that it did not appear that the original contractor was irresponsible, nor that a demand had been made on him for payment. The plaintiff was entitled to his lien as security without reference to his remedy against the original contractor.

[Argued December 4th, 1885—decided January 4th, 1886.]

ACTION for damages for false representations by which the plaintiff lost a lien upon the property of the defendant; brought to the Court of Common Pleas. The defendant demurred to the complaint; the demurrer was overruled, and the case tried to the court on a general denial before *Studley, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is sufficiently stated in the opinion.

*C. H. Fowler*, with whom was *D. W. Tuttle*, for the appellant, cited 1 Hilliard on Torts, ch. 1, § 6, note *a; Otis* v. *Raymond*, 3 Conn., 413, 417; *Austin* v. *Barrows*, 41 id., 296; *Hemingway* v. *Coleman*, 49 id., 390; *Phelps* v. *Stearns*, 4 Gray, 105; *Dunlap* v. *Glidden*, 31 Maine, 435; *Grove* v. *Brandenburgh*, 7 Blackf., 234.

*E. P. Arvine*, for the appellee.

PARK, C. J. Very little need be said in this case to vindicate the judgment of the court below. The defendant demurred to the complaint in that court, but it was adjudged sufficient, and this action of the court is made the

ground for the claim of error in this court. The principal allegations of the complaint are the following :—

1st. That the plaintiff had an inchoate mechanics' lien on the premises of the defendant for materials furnished and labor performed as a sub-contractor in the construction of a building on the premises.

2d. That the premises were amply sufficient in value to secure the plaintiff's claim.

3d. That the plaintiff had taken some of the steps provided by the statute towards the perfecting of his lien.

4th. That he was induced not to perfect the lien by the false and fraudulent declarations of the defendant that she had paid the contractor in full for the building and did not owe him anything on account of it, such payment having been in part by accepting orders drawn by him in favor of other parties, and in part by the payment of money, both of them before the plaintiff had given notice of his lien.

5th. That these declarations were made with the intent to deceive the plaintiff and induce him to forego the perfecting of his lien.

6th. That the representations had the desired effect in deceiving the plaintiff and in causing him to desist from the perfecting of his lien.

7th. That in consequence of these false and fraudulent representations the plaintiff lost his security upon the property, which he had in an inchoate condition when the representations were made, and lost the debt which was justly due him for labor performed and materials furnished in the construction of the building.

These are the principal allegations of the complaint, and they seem to us amply sufficient to constitute a cause of action against the defendant for the loss which the plaintiff had sustained by the failure to perfect his lien. Cooley (on Torts, p. 474,) says :—"Fraud consists in deception practised in order to induce another to part with property or surrender some legal right, and which accomplishes the end desired." According to this definition it is manifest that here are all the elements of actionable fraud. False repre-

sentations were made by the defendant with the intention to deceive the plaintiff and thereby prevent his acquiring a lien upon her property, which was then but partially accomplished; and the representations had their intended effect. The defendant likens this case to that of *Austin* v. *Barrows*, 41 Conn., 287; but the distinction between the cases is obvious. In that case no action whatever had been taken to acquire a lien by attachment of the debtor's property, and there was nothing to indicate with any degree of certainty that an attachment would ever have been made if the acts of the debtor and others assisting him in concealing his property had not been done. Here the plaintiff's inchoate lien had attached to the defendant's property, and he was engaged in perfecting it, but was stopped in doing it by the false and fraudulent declarations of the defendant. In *Adams* v. *Page*, 7 Pick., 541, it was held that an action would lie for fraud in defeating an attachment by means of a collusive prior attachment. And clearly such would be the case if the same end was accomplished by fraudulent representations. See also *Marshall* v. *Buchanan*, 35 Cal., 264.

We think the complaint is sufficient, and the court below committed no error in so deciding. The remainder of the case requires but little comment. The court has found all the material allegations of the complaint true, except the one that the contractor for the construction of the building was irresponsible at the time that notice of the plaintiff's intent to claim a lien on the property was served upon the defendant, and continued to remain irresponsible. The court finds that no evidence was offered to show that the contractor was unable to pay the plaintiff's claim, or that any demand to pay it had been made upon him.

We think the finding of the court in this respect makes no material difference in the case. The plaintiff was entitled to his lien as security for his claim, however it may have been in regard to the ability of the contractor to pay it.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.