[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a Motion to Reopen Judgment, dated May 21, 1996, coded 124, on the grounds that the defendant, at the time of judgment, had one bank account that was not disclosed to the court, and therefore there has been fraud by the defendant.
The court finds the following facts by clear and convincing evidence. By Memorandum of Decision, dated January 4, 1996, following a limited contested trial, this court dissolved the marriage between the parties and entered various financial orders. During the trial, the defendant submitted a financial affidavit dated November 8, 1995. That affidavit failed to disclose that there was a bank account in his name at the Eagle Federal Savings Bank. Union Savings Bank has since taken over Eagle Federal Savings. The Union Savings Bank account number for the account in question is 71200430. The balance in that account, as of January 4, 1996, was approximately $27,000. On July 6, 1996, this court entered an order freezing that account as to principal and interest until further order of the court. The plaintiff was not aware of that account at the time of trial. The CT Page 1270 defendant was aware of that account at the time of trial. On January 29, 1996, this court entered an order regarding the Motion to Correct, coded 120, and Motion to Reargue, coded 121, correcting the Memorandum of Decision, dated January 4, 1996, in various respects and approving of a typed list regarding the division of the parties' personal property that was signed by the parties and submitted to the court. The defendant filed a Motion for Modification, coded 123, for which an order was entered by the court on March 11, 1996, approving of the agreement of the parties as recited on the record.
The two controlling cases regarding reopening a judgment on the grounds of fraud are Varley v. Varley, 180 Conn. 1, 4 (1980); and Billington v. Billington, 220 Conn. 212, 217 (1991).
The Varley court at page 4 stated, in part, as follows:
 Such relief will only be granted if the unsuccessful party is not barred by any of the following restrictions: (1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different.
The Billington court eliminated the requirement that there must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud when it stated at pages 217 and 219-220, in part, as follows:
 We turn now to the first certified issue. Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed. Alexander v. Church, 53 Conn. 561, 562, 4 A. 103 (1886), quoting T. Cooley, Torts p. 474. The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment.
 Our Practice Book has long required that at the time a dissolution of marriage, legal separation or annulment action CT Page 1271 is claimed for a hearing, the moving party shall file a sworn statement . . . of current income, expenses, assets and liabilities, and pertinent records of employment, gross earnings, gross wages and all other income. Practice Book § 463. The opposing party is required to file a similar affidavit at least three days before the date of the hearing. . . . Practice Book § 463
 Our cases have uniformly emphasized the need for full and frank disclosure in that affidavit. A court is entitled to rely upon the truth and accuracy of sworn statements required by § 380 [now § 463] of the Practice Book, and a misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding. . . . These sworn statements have great significance in domestic disputes in that they serve to facilitate the process and avoid the necessity of testimony in public by persons still married to each other regarding the circumstances of their formerly private existence. . . . (defendant entitled to rely on information in plaintiff's financial affidavit); . . . (recognition of the need for a full and fair disclosure of information contained in a financial affidavit); . . . (compliance with the rules concerning the filing of financial affidavits is essential in order for the court to make a reasoned decision with respect to such orders); . . . ([t]he sworn financial statements of the parties under Practice Book § 463 have great significance in domestic disputes).
[Citations omitted; internal quotation marks omitted.]
The court finds that there has not been laches or unreasonable delay by the plaintiff in filing the Motion to Reopen the Judgment after discovering the bank account in question. The court further finds that t here is a substantial likelihood that the result of the new trial will be different as a result of the existence of the bank account in question. The court further finds that as a result of the false financial affidavit filed by the defendant, that there was a false representation made by him as to a statement of fact that was untrue, and known by him to be untrue, and that false statement of fact was made with the intent of inducing reliance thereon, and that the plaintiff relied on the defendant's financial affidavit to her detriment. The court finds that there is clear proof that fraud has been committed in this case by the failure to disclose the bank account in question. CT Page 1272
In the absence of exceptional intervening circumstances occurring in the meantime, the date of the granting of the divorce is the proper time as to which to determine the value of the estate of the parties upon which to base the division of property. All financial orders are therefore being entered based on the value of the parties' assets as of the date of the dissolution. See Sunbury v. Sunbury, 216 Conn. 673 (1990).
The court enters the following orders:
ORDERS
1. The order dissolving the marriage between the parties is not reopened.
2. The alimony orders that were entered, as well as the property orders that were entered, as well as the orders regarding attorney's fees and the miscellaneous orders are all reopened, as well as the orders that were entered subsequent to the Memorandum of Decision being filed.
3. The alimony orders previously entered, as well as the property orders previously entered, as well the attorney's fees orders previously entered, as well as the miscellaneous orders previously entered, are again entered as orders of the court with the following additional orders and corrections:
 (A) The order entered by the court on January 29, 1996 regarding motions coded 120 and 121 are again entered.
 (B) The order entered by the court, dated March 31, 1996, regarding the defendant's Motion for Modification, coded 123, is again entered.
 (C) The bank account at Union Savings Bank, account number 71200430, is ordered divided 54 percent to the plaintiff as to principal only. Said 54 percent is based on the total sum of principal plus interest in said account as of January 4, 1996. The remaining 46 percent plus interest is awarded to the defendant. The defendant is ordered to transfer to the plaintiff said 54 percent of the bank account by March 17, 1997. The defendant is solely responsible for the payment of all interest in the bank account. All interest that has accumulated in the bank account since January 4, 1996 is CT Page 1273 awarded to the defendant.
Axelrod, J.