[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6513
On March 18, 1997, the defendant filed a motion to open judgement in the above dissolution action on the grounds that the judgement was obtained by fraud. Specifically, the defendant asserts that the plaintiff fraudulently concealed from her the existence of pension and real property in Florida. For the reasons stated below, the motion is granted and the judgement entered on March 4, 1992 is opened.
The plaintiff and the defendant were married on June 27, 1964. There were two children issue of the marriage, although neither was a minor of the time of the dissolution. In July of 1991, the plaintiff told the defendant that he wanted a divorce. Although the plaintiff had not been sleeping at the marital home since 1982, the defendant was extremely upset by his request for a divorce.
The plaintiff obtained an attorney who drafted a separation agreement. The defendant was unrepresented by counsel and filed a pro se appearance in the dissolution action. On March 4, 1992, the court, Bassick, J, approved a separation agreement dated September 19, 1991 which had been signed by the parties.
The defendant was not present in court at the time of the final hearing. The defendant did not come to court for the final hearing because she was told by the plaintiff that he would take care of it and that she did not need to attend. The plaintiff was present and filed a signed financial affidavit with the court. No financial affidavit was filed by the defendant.
The separation agreement provides for lump sum payments by the plaintiff to the defendant as well as distribution of the marital home at 56 Morrissey Lane, West Haven, Connecticut. It makes no mention of the plaintiff's one-half interest in a condominium in Florida jointly owned with his mother or his pension with the Connecticut State Teachers' Retirement System. The financial affidavit filed by the plaintiff with the court at the time of the final hearing also fails to mention the plaintiff's interest in the condominium in Florida and lists "none" under the category of deferred compensation plans.
Under the circumstances of this case, the court concludes that the plaintiff took unconscionably fraudulent advantage of the defendant's ignorance of the property in Florida and, CT Page 6514 particularly, his pension, resulting in a substantial injustice.See Jackson v. Jackson, 2 Conn. App. 179, 183 (1984).
The plaintiff's conduct in this case constitutes fraudulent nondisclosure and mandates the opening of the dissolution judgement. Jackson v. Jackson, supra, 2 Conn. App. 193 (1984). "To constitute fraud by non-disclosure or suppression, there must be a failure to disclose known facts and a request or an occasion or a circumstance which imposes a duty to speak. . . . The key element in a case of fraudulent non-disclosure is that there must be circumstances which impose a duty to speak. In this case, such a duty is imposed by Practice Book § 463 which requires affidavits in domestic cases and by Practice Book Form § 501.1 to which it refers." Jackson v. Jackson, supra,2 Conn. App. 194 (1984). The evidence produced at the hearing before this court on the defendant's motion to open judgement clearly established fraud by non-disclosure.
At the time of the dissolution, the plaintiff had been continuously employed as a teacher in the West Haven public schools since 1965 and he had been a member of the school system's pension plan since that date. For the first twenty years of the marriage, the defendant was a full time home maker and did not work outside of the home. She began employment in 1984 as a secretary at the University of New Haven, where she is currently employed.
During the marriage, the parties did not have a joint checking account. The plaintiff controlled the family finances and the defendant never saw the plaintiff's paycheck.
Just as he controlled the family finances during the marriage, the plaintiff made the financial decisions for the parties at the time of the dissolution. The defendant was devastated and distraught at the prospect of the divorce. She was seeing a psychiatrist and taking anti-depressant medication. She relied on the good faith and reasonableness of the plaintiff in entering into the separation agreement.
The court credits the defendant's testimony that the plaintiff never discussed his pension or the property in Florida with her prior to signing the separation agreement. The court finds that the defendant was not aware of the plaintiff's interests in the property in Florida or his pension prior to signing the separation agreement. CT Page 6515
Although the financial affidavit filed by the plaintiff with the court does not constitute fraud upon the defendant because she was unaware of it, the misleading statement in the affidavit that the plaintiff had no deferred compensation plans does support her position that the plaintiff intended a deception on this issue. Similarly, the plaintiff's failure to disclose his ownership interest in his mother's condominium in Florida in his financial affidavit is evidence that the plaintiff was engaged in an intentional deception. The plaintiff's failure to fully disclose his assets also misled the court during its review of the fairness and reasonableness of the separation agreement at the time of the final hearing.
The plaintiff had a duty to provide full and frank disclosure of all his financial interests to the defendant at the time of the dissolution. Billington v. Billington, 220 Conn. 212 (1991). The plaintiff violated this duty and failed to disclose important financial facts to the defendant. He did so in order to ensure that she would not seek or obtain a share of his interest in the Florida property or in his pension. "Fraud consists of deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed." Alexander v. Church, 53 Conn. 561, 562 (1886).
"A marital judgement based upon a stipulation may be opened if the stipulation, and thus the judgement, was obtained by fraud. The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgement; hence judgement obtained by fraud may be attacked at any time." (citation and internal quotation marks omitted). Billington v. Billington, supra,220 Conn. 217-218 (1991).
The court in Billington imposed three conditions for the granting of relief from a marital judgement secured by fraud: (1) there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must be clear proof of the perjury or fraud; (3) there must be a substantial likelihood that the result of the new trial will be different. Id.
Each of these conditions is satisfied in this case. The defendant first learned of the possibility that the plaintiff had a pension in December 1996. She acted quickly on this CT Page 6516 information, discovering the property in Florida and the existence of the pension.
The proof of fraud is clear. The plaintiff had a duty to disclose all his assets and he intentionally did not do so. The defendant's testimony that she was unaware of the plaintiff's property interest and pension was credible and supported by the evidence.
Finally, there is a substantial likelihood that the result of a new trial will differ from the separation agreement previously approved by the court. Under the separation agreement, the plaintiff received one hundred percent of his pension. The pension is substantial having accrued for a period of twenty-seven years during the marriage. In light of the statutory criteria under General Statutes section § 46b-81 for the assignment of property, it is highly likely that a new trial with full disclosure of all the parties' assets, will produce a different result. See Krafick v. Krafick, 234 Conn. 783, 796
(1995) (in which the court stated "pension benefits are widely recognized as among the most valuable assets that parties have when a marriage ends.")
The court is not unmindful of the substantial judicial interest in preserving the finality of judgements and discouraging motions to open dissolution judgements by dissatisfied litigants long after the judgement has been entered. However, when a spouse deliberately fails to disclose valuable marital assets in order to retain them after the dissolution, the court is compelled to take steps to effectuate the law's mandate of full and fair disclosure and to ensure the fairness of its judgements.
The judgement with respect to all financial matters entered on March 4, 1992 is hereby opened. The order dissolving the marriage of the parties shall remain in effect.
Jon M. Alander Judge of the Superior Court