[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the Court on a Motion to Reopen/Set Aside the Judgment. The Defendant claims that the Plaintiff filed an inaccurate financial affidavit with the Court at the time of the dissolution, that the Defendant relied upon the truth of the statements contained therein and if the plaintiff had properly reported her finances the terms of the Separation Agreement would have been different.
The parties were divorced on August 28, 1998. The parties entered into a Separation Agreement dated August 28, 1998. Pursuant to Article XII — Representation "12.2 The Wife represents to the Husband that a true and accurate statement under oath of her income, assets and liabilities is set forth in the Wife's affidavit dated August 25, 1998, a signed copy of which has been delivered to the Husband, and the original of which will be filed in the dissolution action instituted by the Wife against the Husband. The Wife represents that she has or is entitled to no other assets or income except those set forth in said affidavit."
At the hearing on the Motion the Plaintiff admitted to one omission on her financial affidavit.
The Plaintiff admits that she failed to place on her financial affidavit the monies which she had received from the sale of the marital home. This amount was $26,000.00. Her explanation is that she forgot this money.
The Defendant claims a second omission. He claims that the Plaintiff failed to disclose on her financial affidavit that she had entered into a contract to purchase property located at 71 CT Page 13308 Hillside Avenue in Bridgeport, CT. The Plaintiff signed a binder on at the end of July, 1998 and paid $1,500.00 to the real estate agent. Contracts were signed on August 4, 1998 and the plaintiff paid $6,200.00 to the Sellers attorney. The purchase price was $155,000.00. The Closing took place August 31, 1998.
It is the position of Plaintiff that the Defendant knew she was purchasing property and that he knew the plaintiff needed "ongoing income from the divorce" in order to be able to obtain a mortgage.
What the Defendant did not know was the location of the property, that the property was a three family home, and that at the time of the contract the two apartments were rented at the rate of $700.00 per month each, for a total of $1,400.00. This information was not on the Plaintiff's affidavit.
The two controlling cases regarding reopening a judgment on the grounds of fraud are Varley v. Varley, 180 Conn. 1, 4 (1980); and Billington v. Billington, 220 Conn. 212, 217 (1991).
The Varley court at page 4 stated, in part, as follows:
 Such relief will only be granted if the unsuccessful party is not barred by any of the following restrictions: (1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different.
The Billington court eliminated the requirement that there must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud when it stated at pages 217, in part, as follows:
 We turn now to the first certified issue. Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed. Alexander v. CT Page 13309 Church, 53 Conn. 561, 562, 4 A. 103 (1886), quoting T. Cooley, Torts p. 474. The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment.
In Villella v. Villella 1997 Ct Sup 1269, pages 1270, 1271 the Court observed:
 Our Practice Book has long required that at the time a dissolution of marriage, legal separation or annulment action is claimed for a hearing, the moving party shall file a sworn statement . . . of current income, expenses, assets and liabilities, and pertinent records of employment, gross earnings, gross wages and all other income. Practice Book § 463. The opposing party is required to file a similar affidavit at least three days before the date of the hearing. . . Practice Book § 463 (now section 25-30)
 Our cases have uniformly emphasized the need for full and frank disclosure in that affidavit. A court is entitled to rely upon the truth and accuracy of sworn statements required by § 380 [now § 463] of the Practice Book, and a misrepresentation of assets and income is a serious and intolerable dereliction on the part of the affiant which goes to the very heart of the judicial proceeding. . . These sworn statements have great significance in domestic disputes in that they serve to facilitate the process and avoid the necessity of testimony in public by persons still married to each other regarding the circumstances of their formerly private existence. . . . (defendant entitled to rely on information in plaintiffs financial affidavit); . . . (recognition of the need for a full and fair disclosure of information contained in a financial affidavit); . . . (compliance with the rules concerning the filing of financial affidavits is CT Page 13310 essential in order for the court to make a reasoned decision with respect to such orders); . . . ([t]he sworn financial statements of the parties under Practice Book § 463 have great significance in domestic disputes).
The court finds that there has not been laches or unreasonable delay by the defendant in filing the Motion to Reopen the Judgment.
The Court finds that by omitting the $26,000.00 and the interest she had in the real estate contract, that the Plaintiff knowingly and willingly signed a fraudulent and false financial statement. The court further finds that as a result of the false financial affidavit filed by the Plaintiff, that there was a false representation made with the intent of inducing reliance thereon, and that the Defendant relied on the Plaintiff's financial affidavit to his detriment.
The court further finds that there is a substantial likelihood that the result of the new trial will be different as a result of the discovery of the $26,000 and the purchase of the three family home.
The order dissolving the marriage between the parties is not reopened. However, all other terms and condition of the Separation Agreement which was incorporated into the Judgment are vacated and set aside. This matter is scheduled for a new trial on January 11, 1999. The Plaintiff is ordered to pay to the Defendant his reasonable attorney's fees incurred regarding this Motion to Reopen. The court reserves the right at the new trial whether or not to order that the Plaintiff to pay the additional attorney fees which the Defendant will incur due to the fraud of the Plaintiff.
FRANKEL, J.