[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT ON THE BASIS OF FRAUD AND MOTION FOR NEW TRIAL (DOCKET ENTRY NO. 106)
It is a fundamental principle of law that an end to contentious matrimonial litigation is a desirable goal. In the instant case, the plaintiffs 1996 withdrawal of her motion to reopen a 1993 judgment, with prejudice, satisfies that goal and acts as a bar to her subsequent motion to reopen filed in 1999.
The principle issue presented is whether the plaintiff should be allowed to proceed on her motion to open based upon fraud, in light of the fact that a previously filed motion to open based upon fraud was "withdrawn with prejudice."
Also of importance is the issue of whether the plaintiff has demonstrated sufficient grounds to pursue a motion to open the judgment and proceed with a new trial.
On May 25, 1993, the court dissolved the marriage of the parties and approved their separation agreement which was incorporated into the decree. The action, which had been initiated almost two years earlier on August 5, 1991, had a long history of contentiousness, punctuated with mistrust and suspicion, all during its pendency. A review of the file indicates dozens of motions were filed, numerous court appearances made, depositions taken, extensive discovery utilized, and several different attorneys retained. Eight years later the conflict continues.
On March 11, 1996, the plaintiff filed a Motion for Modification of Alimony and Support, and on April 1, 1996 she filed a Motion to Set Aside Judgment on the Basis of Fraud. The defendant retaliated by filing a Motion for Contempt and a Motion to Dismiss. Four months later, on July 25, 1996, the parties appeared before the court (Moran, J.) and entered into a Stipulation which effectively increased the obligations of the CT Page 13459 defendant and required him to pay additional sums of money over that which was previously ordered.
At the initial canvass on the agreement (see transcript dated July 25, 1996), plaintiff's counsel reported to the court as follows: "We are proceeding today on the Motion for Modification and all other motions in the file are withdrawn." Whereupon defendant's counsel interjected: "And I would like them withdrawn with prejudice so that they do not come back; that is the deal we have. They do not come back." Plaintiff's counsel responded "We do not have a deal . . ."
At that point the court passed the matter and instructed counsel to discuss it further with their clients and report later. The court said "Nobody is going to be sandbagged." Defendant's counsel said "That's what I am looking for here. I don't want to get sandbagged."
Later in the afternoon the parties reappeared in front of the court and plaintiffs counsel reported ". . . . we are proceeding on the motion for modification of alimony. The motion to reopen on the basis of fraud is withdrawn with prejudice. The other motions in the file are just withdrawn."
After a lengthy recitation of the stipulation, the court accepted it and made it an order of the court. The court also ordered that a transcript of the proceedings, including the earlier comments of counsel, be made a part of the court file.
Now, three years later, the plaintiff has again filed a Motion to Set Aside Judgment on the Basis of Fraud and a Motion for New Trial. Her counsel also filed a Motion to Correct Transcript in effect averring that she never said the motion to reopen was withdrawn "with prejudice." During argument before this court, counsel stated if she said it "she didn't mean it." Now she adopts the position if she meant it, it doesn't apply. It is abundantly clear to the court, after an examination of the entire file, review of the law, and listening to argument of counsel, that she said it, meant it, and it applies.
Black's Law Dictionary (6th Ed. 1990) defines the term "with prejudice" as follows: "Phrase `with prejudice,' . . . means an adjudication on merits and final disposition, barring right to bring or maintain an action on same claim or cause. In contrast, the term "without prejudice" is defined as follows: ". . . a CT Page 13460 declaration that no rights or privileges of the party concerned are to be considered waived or lost . . ." It can be fairly concluded that "with prejudice" ordinarily is synonymous with adjudication on the merits, barring further litigation on that cause of action. 46 Am.Jur.2d 889-90, Judgments § 620 (1994).
Although no Connecticut cases appear to address the issue, there is authority for the proposition that a party's voluntary dismissal of its action may serve as res judicata in a subsequent action by that same party. "A single voluntary dismissal, nonsuit, or discontinuance of an action is generally regarded as a mere withdrawal of the plaintiffs claim, which does not have the affect of an adjudication on the merits and does not bar the plaintiff from maintaining another cause of action on the same cause of action. The result in such a case is the same as if the original action had not been brought, and the defendant is in the same position as if he had never been a party to the original action. These rules are particularly applicable where the voluntary dismissal, nonsuit or discontinuance is expressly made `without prejudice.' Hence, the rule that a judgment dismissing an action `without prejudice' does not bar a subsequent action on the same cause has been held to apply even though the judgment was rendered upon the plaintiffs motion. 46 Am.Jur.2d supra.
However, where courts have used the term "with prejudice" at any stage of a judicial proceeding, it normally constitutes a final judgment on the merits which bars a later suit on the same cause of action. Astron Industrial Associates, Inc. v. ChryslerMotors Corp., 405 F.2d 958, 960 (1968). "A stipulation dismissing an action with prejudice . . . has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action. Such a stipulation will almost invariably have preclusive effect notwithstanding a litigant's post hac assertion that he intended to preserve certain claims." Israel v. Carpenter, 120 F.3d 361
(1997).
Here, the parties at the earlier appearance in front of the court were at odds over the issue of withdrawal with prejudice and the judge instructed them to discuss it further. Returning in the afternoon it was clear they had agreed on a withdrawal withprejudice and so stated to the court. The court ordered a transcript of both proceedings for future reference.
While this court believes the disposition of this matter is CT Page 13461 resolved by the application of the rule of res judicata, a review of plaintiff's substantive claims is also unavailing. In the leading case of Billington v. Billington, 220 Conn, 212, 217, (1991), our Supreme Court said:
 "`Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed.' Alexander v. Church, 53 Conn. 561, 562, 4 A. 103 (1886), quoting T. Cooley, Torts p. 474. The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." Maturo v. Gerard, 196 Conn. 584, 587, 494 A.2d 1199 (1985); Miller v. Appleby, 183 Conn. 51, 54-55, 438 A.2d 811 (1981).
The plaintiff, in her offer of proof, has made unsubstantiated claims of false representation. Most telling of all was her admission that she was on a "fishing expedition" to gather more facts about the fraud. She conceded she would need further discovery to establish her claims. In the case of Oneglia v.Oneglia, 14 Conn. App. 267, 270 (1988), the court stated:
 "If the plaintiff was able to substantiate her allegations of fraud beyond mere suspicion, then the court would open the judgment for the limited purpose of discovery, and would later issue an ultimate decision on the motion to open after discovery had been completed and another hearing held. Because here the court found that the plaintiff did not meet the threshold requirement of substantiating her allegations of fraud, our function on appeal is solely a determination of whether the court abused its discretion in so finding."
This court believes that the plaintiff, in her offer of proof, did not substantiate her allegations and in fact needed further discovery to reach that threshold requirement. She admitted she did not have the numbers and needed the court's help to get them. She needed to go on a "fishing expedition" in Wisconsin at a large corporation's headquarters to show a scam was going on.
Further, she admitted she had some, but not enough information in 1996, prior to the first motion to withdraw, to CT Page 13462 show defendant was fraudulent in his representations. Despite that information, rather than pursue it, she withdrew the first motion to reopen in exchange for additional sums of money. She next acquired information in 1997, more than a year prior to her motion, but did not act upon it. A month and half prior to the filing of her latest motion she claimed to have received more information. Apparently, she needs still more information to prove her claims of fraud, thus the need for further discovery.
"In considering a petition (for a new trial), trial judges must give first consideration to the proposition that there must be an end to litigation. Krooner v. State, 137 Conn. 58, 68,75 A.2d 51 (1950)." That consideration leads this court to deny the plaintiffs Motion to Set Aside on the Basis of Fraud and for a New Trial.
CUTSUMPAS, J.