[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S "MOTION TO REOPEN CHILD SUPPORT JUDGMENT"
By motion filed in this court on February 4, 2000 this prose plaintiff seeks to open a judgment of this court entered on October 6, 1999 wherein, inter alia, defendant was ordered to pay plaintiff as child support the sum of $268 weekly. As a basis for her request plaintiff contends that defendant and his attorney committed a fraud upon the court and that the decision was a result of judicial error. Plaintiff also claims to be in possession of new information (evidence) not available to her at the time of the original hearing. A brief recitation of the events leading to this filing are in order.
The marriage of the parties was dissolved on July 6, 1999 at which time the defendant was ordered to pay plaintiff as child support the sum of $310 per week. New child support guidelines were established effective August 1, 1999. By motion dated August 18, 1999 defendant requested that the existing support order be reduced in accordance with the provisions of the new guidelines. At a hearing at defendant's request on October 6, 1999 the court (Barall, J.) after reviewing the financial affidavits and available worksheets of the parties, reduced the child support order to $268 per week. Plaintiff filed an appeal of this decision in the Appellate Court on October 25, 1999 which was dismissed by that court on November 8, 1999 because of plaintiff's failure to file certain preliminary pleadings in a timely manner. There followed plaintiff's motion now before this court wherein plaintiff also claims to be in possession of new information not available to her at the time of the original hearing.
JUDICIAL ERROR
Plaintiff contends that Judge Barall committed error by allowing an inappropriate insurance deduction to be taken for a non-dependent when determining the amount of child support.
The method by which to correct alleged judicial error as claimed here is by appeal. Plaintiff's appeal in this matter was dismissed by the CT Page 11306 Appellate Court on November 8, 1999 for failure to follow proper procedure. The time for any additional appeal on this issue has long since expired (See P.B. § 63-1(a)).
NEWLY DISCOVERED EVIDENCE
Sec. 52-270a C.G.S. provides that the Superior Court may grant a new trial on the discovery of new evidence. "It is within the discretion of the court to act upon a timely filed motion to open and vacate a judgment, and its decision will not be disturbed unless it is determined that it acted unreasonably or abused its discretion. Celanese Fiber v.Pic Yarns, Inc., 184 Conn. 461, 466 (1981).
The rules for granting a trial on the ground of newly discovered evidence are well established. The evidence must, in fact be newly discovered, material to the issue on a new trial, such that it could not have been discovered and produced on the former trial by the exercise of due diligence, not merely commutative and likely to produce a different result. Pass v. Pass, 152 Conn. 508, 511 (1963).
Plaintiff's new information was that "defendant was already cohabitating with another individual at the time of the modification hearing and is now part of a two income working couple." and that defendant's counsel's statement that defendant could not afford counseling was erroneous because defendant "had already had himself discharged from all his therapy programs."
This court has reviewed all of the evidence submitted and finds that the new information described above is not material to the main issue before it and is not at all likely to produce a different result. Plaintiff's motion, insofar as it pertains to newly discovered evidence, is accordingly denied.
FRAUD UPON THE COURT
This court next addresses a claim that the judgment of October 6, 1999 be opened because the defendant committed a fraud upon the court in an effort to obtain a favorable reduction in his child support payments. The concept of fraud on the court was concisely defined by our Supreme Court as being limited to instances where "both parties join to conceal material information from the court." Billington v. Billington,220 Conn. 212, 225 (1991). The evidence submitted to this court requires it to reject plaintiff's claim in this regard, she having vehemently contended that she had been misled by defendant's representation. Judge Barall was fully aware of the dispute between the parties as to the amount of defendant's income, that plaintiff claimed his earnings to be CT Page 11307 $67,000 annually while defendant asserted them to be $60,000. The court was not misled, and plaintiff's claim of fraud against it must be rejected.
FRAUD UPON THE PLAINTIFF
While plaintiff in her request to reopen has not as a reason therefor alleged that she had in some way been mislead, the tone of her brief leads the court to suspect that basis to be the main thrust of her argument. For this reason and in an attempt to forestall future litigation on this issue, this court will review the evidence as it relates to possible fraud committed against the plaintiff.
"Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right and which accomplishes the end designed." Alexander v. Church, 53 Conn. 561, 561 (1886) "The elements of a fraud action are (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to her detriment." Maturo v. Gerard, 196 Conn. 584, 587 (1985). There are three limitations on the granting of relief from a marital judgment secured by the fraud of one of the parties: (1) there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must be clear proof of the perjury or fraud; (3) there must be a substantial likelihood that the result of the new trial will be different." Billington v. Billington, 220 Conn. 213, 218 (1991)
A claim that a fraud was committed on plaintiff must fail for several reasons:
First, there is insufficient evidence that statements concerning defendant's income were known to be untrue by those who made that assertion. It appears that defendant's financial affidavit including the various tax deductions was prepared by a paralegal in the office of defendant's attorney, that the issue of defendant's correct annual income was discussed in the presence of both Judge Moore and Judge Barall, and that defendant's counsel argued at length before the court as to the correctness of his client's represented income.
Second, nowhere is there the slightest bit of evidence that plaintiff relied on defendant's representations to her detriment. To the contrary, plaintiff did all in her power to urge Judge Barall to accept her calculations as to defendant's income.
Third, A painstaking review of all of the evidence submitted during CT Page 11308 this three day hearing fails to disclose any trace of fraud on the part of defendant or his counsel. This case is on the facts not unlike those in Gelinas v. Gelinas, 10 Conn. App. 167 (1987) where the court found that the plaintiff had not knowingly and intentionally filed a false financial affidavit and that the defendant had not relied upon it to her detriment. The same conclusion is reached on the evidence before this court.
Finally, it is observed that during final argument the attorney for the minor children, whose interest in the outcome of this matter parallels that of the plaintiff, stated flatly that "no fraud was committed here."
For all of the foregoing reasons, plaintiff's motion is denied.
John D. Brennan Judge Trial Referee