12-474-cv
Ensign Yachts Inc. v. Arrigoni

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of May, two thousand fourteen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                   *Circuit Judges.*

―――――――――――――――――――――――――――――――――――――――

ENSIGN YACHTS, INC.,

    *Plaintiff - Counter Defendant - Appellant*,

        v.                                            No. 12-474-cv

JON ARRIGONI,

    *Defendant - Counter Claimant -Cross Claimant - Appellee*,

CERTAIN UNDERWRITERS AT LLOYDS OF LONDON,
Subscribing to Policy Nos. R704230/112 & R704390/010,

    *Defendant - Cross Defendant - Counter Claimant -ThirdParty Plaintiff - Appellee.*[1]

―――――――――――――――――――――――――――――――――――――――

Appearing for Appellant:              Frederick A. Lovejoy, Lovejoy & Associates LLC,
                                      Easton, CT.

―――――――――――――――――――――

[1] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellee
Jon Arrigoni:                                     Kate J. Boucher, LeClair Ryan, Hartford, CT.

Appearing for Appellee Certain Underwriters
at Lloyds of London, Subscribing to
Policy Nos. R704230/11 & R7034390/10:     D. Lincoln Woodward, Moukawsher & Walsh,
                                           LLC, Hartford, CT.

        Appeal from the United States District Court for District of Connecticut (Bryant, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

        Ensign Yachts, Inc. ("Ensign") appeals from January 3, 2012 amended judgment of the
United States District Court for the District of Connecticut (Bryant, *J.*) awarding Ensign Yachts
compensatory damages on its claims against appellees Jon Arrigoni and Certain Underwriters at
Lloyds of London, Subscribing to Policy Nos. R704230/11 and  R7034390/10 ("Lloyds"), and
awarding appellees compensatory and punitive damages on their counterclaim.  We assume the
parties' familiarity with the underlying facts, procedural history, and specification of issues for
review.

        We review discovery rulings for abuse of discretion, including the denial of a motion to
reopen discovery. *DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.*), 151 F.3d 75, 79
(2d Cir. 1998) ("[A] trial court enjoys wide discretion in its handling of pre-trial discovery, and
its rulings with regard to discovery are reversed only upon a clear showing of  an abuse of
discretion.") (internal quotation marks omitted).  We reviewed the record with respect to each of
the discovery rulings Ensign appeals from, and find no abuse of discretion.  With regard to
Ensign's argument that the district court erred in refusing to instruct the jury that James Ross Sr.
was ill and medicated, we note that we find no evidence in the record that such an instruction
was requested, and thus no error can be assigned.

        We also find that Arrigoni and Lloyds presented sufficient evidence of fraud to support
the jury's verdict on the counterclaim.  Pursuant to Connecticut law:

> The essential elements of an action in common law fraud . . . are
> that: (1) a false representation was made as a statement of fact; (2)
> it was untrue and known to be untrue by the party making it; (3) it
> was made to induce the other party to act upon it; and (4) the other
> party did so act upon that false representation to his injury. . . . The
> party to whom the false representation was made must claim to
> have relied on that representation and to have suffered harm as a
> result of the reliance.

*Simms v. Seaman*, 308 Conn. 523, 548 (2013) (ellipses in original) (alteration and internal
quotation marks omitted). Ensign argues that to prevail on their counterclaim for fraud, Lloyd's
and Arrigoni had to prove the fraud accomplished the desired objective.  It relies on *Billington v.
Billington* for the proposition that

2

> [f]raud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed.

220 Conn. 212, 217 (1991) (quoting *Alexander v. Church*, 53 Conn. 561, 562 (1886)). In the very next line, however, *Billington* recites the same elements for a cause of action set forth in *Simms*, to wit:

> The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment.

*Id.* Our review of the record demonstrates ample evidence to support the proposition that both Lloyds and Arrigoni relied on Ensign's claims that the vessel was sold to a buyer at the time the damage occurred to their detriment, and thus we affirm the judgment entered against Ensign.

We have examined the remainder of Ensign's claims and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk